**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **CLARENCE DUDLEY AND JACKLIN GERAC-DUDLEY** | * | **CIVIL ACTION NO. 05-1655** |
| **VERSUS** | * | **JUDGE MELANÇON** |
| **KATHLEEN PETERSON, ET AL** | * | **MAGISTRATE JUDGE HILL** |

**REPORT AND RECOMMENDATION
ON MOTIONS TO DISMISS FOR FAILURE TO COMPLY
WITH COURT ORDERS**

Pending before the undersigned for report and recommendation are the Motion to Dismiss Complaint for Failure to Comply with Federal Rules of Civil Procedure and with Local Rules and Orders filed by defendants, Teche Federal Bank and Patrick Little ("Teche"), on August 15, 2006 (rec. doc. 53), and the Motion to Dismiss Complaint for Failure to Comply with FRCP, Local Rules and Scheduling Order filed by defendant, Sid Hebert, on September 11, 2006 (rec. doc. 57). No opposition has been filed, and the deadline for filing opposition has expired.[1] For the following reasons, it is recommended that the motions be **GRANTED**.

---

[1] LR 7.5W provides that opposition shall be filed within fifteen (15) days after service of the motion.

**Background**

Plaintiffs, Pastor Clarence Dudley and Jacklin Gerac-Dudley ("the Dudleys"), brought this civil rights action pursuant to 42 U.S.C. §§ 1981, 1983, and 1985; the Fourth, Fifth, Sixth, Thirteenth and Fourteenth Amendments to the United States Constitution, and Louisiana tort law for kidnapping, false imprisonment and malicious prosecution. Named as defendants are Kathleen Petersen, Assistant Attorney General ("Petersen"); Doug Moreau, District Attorney for the Nineteenth Judicial District, East Baton Rouge Parish ("Moreau"); Sid Hebert, Sheriff of Iberia Parish ("Hebert"), and Teche Federal Bank and Patrick Little, President of Teche Federal Bank of New Iberia ("Teche"), in their official and personal capacities. By Judgment entered on April 3, 2006, Petersen was dismissed as a defendant. (rec. doc. 46). Moreau was dismissed by Judgment entered on April 28, 2006. (rec. doc. 48).

On June 6, 2006, the Court issued a Scheduling Order requiring the initial disclosures to be exchanged by June 9, 2006, the Rule 26 conference between the parties to take place before July 14, 2006, and the Rule 26(f) Report to be jointly submitted by the parties by July 28, 2006. (rec. doc. 49). By letter dated July 25, 2006, Teche submitted Rule 26(f) Report inserts to the Court requesting that the inserts be filed. However, because the inserts were not jointly submitted as required by the rules of this Court, the undersigned issued an Order on August 1, 2006,

2

requiring the parties to submit a jointly prepared Rule 26(f) Report by August 11, 2006. (rec. doc. 51). In the Order, the undersigned cautioned the parties that "future failures to properly adhere to Scheduling Order deadlines may result in the imposition of appropriate sanctions pursuant to Fed. R. Civ. P. 16(f), up to and including the possible dismissal of this action."

By letter dated August 9, 2006, E. Gregory Voorhies, counsel for Teche, informed the undersigned that he had sent a letter to the plaintiffs on August 2, 2006, scheduling the Rule 26 conference between the parties for August 9. (rec. doc. 52; rec. doc. 53, Ex. A, B). Mr. Voorhies also indicated that he had left messages regarding the meeting on the Dudleys' answering machine on five separate occasions, but had not heard back from them. The Dudleys failed to attend the meeting.

After the August 11 deadline had passed for submitting the jointly prepared Rule 26(f) Report, Teche filed a motion to dismiss on August 15, 2006, for failure to comply with the Court's orders. (rec. doc. 53). Hebert filed a motion asserting the same grounds on September 11, 2006. (rec. doc. 57).

## **Analysis**

Rule 16(f) of the Federal Rules of Civil Procedure provides as follows:

> **(f) Sanctions.** If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is

substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

The penalties set forth under Rule 37(b)(2) are as follows:

**(B)** An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

**(C)** An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding or any part thereof*, or rendering a judgment by default against the disobedient party;

**(D)** In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

(emphasis added). Fed. R. Civ. P. 37(b)(2).

Teche and Hebert argue that as a penalty for plaintiffs' failure to comply with the Federal Rules of Civil Procedure and the orders of this Court, plaintiffs' action should be dismissed. To date, defendants state that plaintiffs have failed to do the following: (1) submit their Rule 26 initial disclosures, (2) appear for the Rule 26

conference between the parties, and (3) submit their inserts for the Rule 26 Report. All of these requirements were set forth in the Court's Scheduling Order dated June 9, 2006. (rec. doc. 49).[2]

Teche's counsel, Mr. Voohries, has documented his attempts to contact the plaintiffs regarding the Rule 26(f) conference and the Rule 26(f) Report. (rec. doc. 52). According to Mr. Voohries, he attempted to contact the Dudleys at the two phone numbers provided on the Complaint. One of these numbers had been disconnected, and the other was always answered by an answering machine. Under Local Rule 11.1W, the Dudleys had a continuing obligation to apprise the Court of any address or telephone number changes. Thus, the Dudleys had no excuse for failing to coordinate their efforts with the defendants in compliance with the rules of this Court.

The record reflects that the Dudleys have continuously failed to comply with the deadlines set forth in the Scheduling Order and the orders of this Court. These include the deadlines for submitting initial disclosures to defendants, the Rule 26(f) conference, the Rule 26(f) inserts, the Rule 7(a) Reply, and jointly submitted Rule

---

[2]Although not mentioned in either motion, the undersigned also observes that plaintiffs have failed to comply with the Court's Order dated June 19, 2006, requiring plaintiffs to submit a Fed. R. Civ. P. Rule 7(a) Reply to the defendant's qualified immunity defense within 20 days. (rec. doc. 50).

26(f) report. Based on the plaintiffs' repeated failures to comply with the Court's deadlines and orders, the undersigned recommends that the complaint be dismissed.

## Conclusion

Based on the foregoing reasons, the undersigned recommends that the Motions to Dismiss be **GRANTED**, and that plaintiffs' complaint be **DISMISSED WITH PREJUDICE** as to all remaining defendants.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT,**

**EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed this 10th day of October, 2006, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE